```
                                                              FILED
                                                        U.S. DISTRICT COURT
                                                          AUGUSTA DIV.
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF GEORGIA              20 FEB 27 AM 9:32
                    DUBLIN DIVISION
```

UNITED STATES OF AMERICA        *
                                *
v.                              *       CR 313-009-2
                                *
ALFREDO LEON ALEJO              *

# O R D E R

On January 24, 2020, this Court received a letter from Defendant Alfredo Leon Alejo asking that the consecutive sentences he received on three counts of unlawful use of a communication facility (a violation of 21 U.S.C. § 843(b)) be changed to run concurrently. In effect, this is a motion for reduction in sentence.

A sentencing court cannot modify a term of imprisonment once it has been imposed except under three conditions, two of which are inapplicable here. See 18 U.S.C. § 3582(c). However, one exception provides a mechanism to shorten a sentence known as "compassionate release." This section provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i). Thus, when seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons ("BOP") and then either exhaust administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief. Here, and as pointed out by the Government, Alejo has failed to show that he has requested compassionate release from the BOP or otherwise exhausted his administrative remedies. Thus, the Court does not have authority to grant the relief Alejo requests.

In opposition to Alejo's motion, the Government also contends that the grounds asserted by Alejo would not, in any event, be sufficient to warrant compassionate release. While not necessary, the Court will take this opportunity to discuss the merits of Alejo's request for compassionate release to the extent his letter may be construed as one.

The compassionate release provision of § 3582(c)(1)(A)(i) provides a narrow path for a defendant in "extraordinary and compelling" circumstances to leave prison early upon consideration of the factors set forth in 18 U.S.C. § 3553(a) so long as such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Congress did not define what constitutes

2

"extraordinary and compelling" circumstances other than to express that "[r]ehabilitation of the defendant alone" is insufficient. See 28 U.S.C. § 994(t). Rather, Congress instructed the Sentencing Commission to promulgate the "criteria to be applied and a list of specific examples" of extraordinary and compelling reasons. Id.

The existing policy statement of the Sentencing Commission provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). The application note defines "medical condition" as follows:

> (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory). . . .
>
> (ii) The defendant is –
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of

3

>    a correctional facility and from which he or she is not
>    expected to recover.

U.S.S.G. § 1B1.13, app. note 1.

Alejo contends that he has grave health issues and that he is not receiving appropriate medical care. (Def.'s Mot., Doc. No. 95, at 1 ("And even though I'm out of the hospital I still need certain things to be done in order to be fully recovered.")) He attaches to his letter "Administrative Notes" from his BOP record indicating that he was hospitalized, required surgery, and at one point considered to be in critical condition in April 2015. This evidence does not indicate, however, that Alejo's medical condition currently meets the criteria set forth by the Sentencing Commission to qualify him for a reduction in sentence. Accordingly, even if Alejo had satisfied the procedural aspects of a compassionate release application, he has failed to show that extraordinary and compelling reasons exist to warrant relief.

Upon the foregoing, Defendant Alfredo Leon Alejo's motion for sentence reduction (doc. no. 95) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of Feb., 2020.

_____
UNITED STATES DISTRICT JUDGE