IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

UNITED STATES OF AMERICA        *
                                *
v.                              *      CR 313-009
                                *
ALFREDO LEON ALEJO              *

O R D E R

On July 7, 2020, Defendant Alfredo Leon Alejo filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) claiming to have a serious medical condition that makes him a more serious health risk in the present circumstances of the COVID-19 pandemic. The Government opposed the motion.

The "compassionate release" provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. In consideration of a compassionate release motion, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The existing policy statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. Application Note 1 lists three specific

examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).[1]

Defendant's motion possibly implicates the first category. The Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). Defendant, who is only 28 years old, has not presented argument or evidence that he can meet this standard. Instead, he indicates that he suffers from asthma and hypertension, conditions upon which COVID-19 may have a severe impact.

The CDC lists hypertension or high blood pressure and asthma (moderate-to-severe) as conditions that "might" place a person with COVID-19 "at an increased risk for severe illness." See Centers for Disease Control, *People with Certain Medical Conditions,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

---

[1] The application note also provides a catch-all category: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). The Court has not been made aware that the BOP Director has sanctioned Defendant's early release.

2

(last visited on October 13, 2020). However, at this point, the Court cannot conclude that the "might" category qualifies an illness as sufficiently serious to warrant compassionate release in and of itself.[2] Defendant has also advised that his medical history includes gall bladder removal, a collapsed lung, and a deficient immune system. However, the medical records submitted by the Government do not indicate that Defendant presently suffers from any of these conditions. In fact, in the latest notation, Defendant is released to unlimited activity including playing soccer. (Gov't Resp. in Opp'n, Ex. A, at 2.) In short, Defendant bears the burden of establishing that he is uniquely positioned to be so adversely affected by COVID-19 that his release is warranted. He has not done so.

Moreover, prior to ordering release, the Court must consider the sentencing factors of 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). In Defendant's case, these factors weigh against his release in light of the nature and circumstances of his offense. Here, the Court notes that Defendant's criminal history reveals a propensity for drug dealing particularly given the fact that he continued to engage in heroin trafficking while

---

[2] According to Defendant's medical records, his asthma is in the lowest severity category at "mild intermittent," not severe, moderate nor even mild persistent. (Gov't Resp. in Opp'n, Doc. No. 103, Ex. A, at 3.) A chest X-ray in June 2020 was negative, and a physical examination of Defendant in May 2020 revealed that he had no coughing or wheezing. (Id. at 1-2.)

3

incarcerated in a federal prison. Further, because Defendant has served just over half of his sentence, early termination of his sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. Thus, the Court would not exercise its discretion to release Defendant even if he qualified for release under the compassionate release provision.

Upon the foregoing, Defendant's motion for compassionate release (doc. no. 98) and his motion for reconsideration (doc. no. 101) are **DENIED**. Defendant's motion to seal Exhibit 2 to his reply brief filed on October 7, 2020 (doc. no. 107) is **DENIED AS MOOT**. The Clerk is directed to return that exhibit to Defendant along with the service copy of this Order.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE